[Crim. No. 9372.    Second Dist., Div. Three.    Dec. 11, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT WARREN ADCOCK, Defendant and Appellant.

Earl Klein, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—In a nonjury trial defendant was convicted of the murder of Mildred Bolei, the crime being found to be of the second degree, and also of an assault committed upon Helen Owens by means of force likely to produce great bodily injury in violation of section 245 of the Penal

Code. Defendant pleaded not guilty and not guilty by reason of insanity. After he was found guilty of both offenses, trial of the insanity issue was had before the court upon the evidence adduced in the trial of the not guilty plea and evidence of physicians appointed by the court to examine defendant as to his sanity. He was found by the court to be sane at the time of the trial and also at the time of the commission of the crimes. He was sentenced to state prison, appealed from the judgment and also noticed an appeal from the nonappealable order denying his motion for new trial.

Quite properly, counsel for the defendant refrains from arguing insufficiency of the evidence to prove that defendant was the perpetrator of the two crimes. Any such contention would have been wholly unjustified. No argument is made for reversal of the conviction of defendant for the crime committed against Miss Owens.

The sole ground of appeal from the conviction of murder is that there was no evidence that the homicide was committed with malice aforethought; wherefore, it is urged that we should reduce the conviction to manslaughter, under authority conferred by section 1181 of the Penal Code. This is not a proper case for exercise of the power to modify judgments. Beyond a doubt the evidence was ample to prove that the death of Miss Bolei was accomplished with malice aforethought.

Murder is defined as follows: "187. Murder is the unlawful killing of a human being, with malice aforethought." Section 188 of the Penal Code defines malice in the following terms: "Such malice may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow-creature. It is implied, when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart."

A brief statement of the evidence of the events preceding the killing of Miss Bolei will suffice for the purposes of our opinion. There was no evidence of the relationship between defendant and Miss Bolei except the testimony of witnesses to their association immediately preceding the homicide. During the night of the 19th of January and the early morning hours of January 20th, defendant and Miss Bolei were together drinking beer in taverns. Defendant did not appear to have become intoxicated but as Miss Bolei left one of the

taverns she was seen to fall and later, on the street, was seen being supported by defendant to keep her on her feet. She was not seen to have been alone with anyone other than defendant. Articles of her wearing apparel, blood spots and hair found on a parking lot behind a furniture store and evidence of the dragging of a body away from the spot of the assault proved that the murder took place on the lot. No one testified to having seen the two individuals at that location. At an early morning hour, defendant purchased cigarettes at a service station. Blood was on his face, hands and clothing, and he stated to the attendant that he had received his injuries when a tire blew out. At about 5:30 a.m., Miss Bolei's body was lying on a lawn. Defendant accosted a boy who was driving a car, delivering newspapers, and prevailed upon him to assist in placing Miss Bolei's body in the boy's car and taking it to defendant's apartment. They drove to the apartment and placed the body upon a bed. Defendant changed his clothes and donned a pair of trousers, but no shirt. Bloodstained articles of defendant's clothing, including shoes, were found in the apartment. Defendant summoned the stepfather of Miss Bolei, a physician, who came to the apartment, accompanied by his wife. Miss Bolei was dead. Defendant offered no explanation of her condition, but insisted that she was not dead. The multiple injuries inflicted upon Miss Bolei need not be described in detail; she had been savagely beaten; there was evidence indicating that she had been strangled, and the cause of death was proved to have been hemorrhage from a ruptured liver.

In support of the argument that there was no evidence that the killing was with malice aforethought defendant places strong reliance upon the opinion of the court in *People* v. *Kelley,* 208 Cal. 387 [281 P. 609]. In that case, Kelley had been convicted of the first degree murder of Mrs. Mellus; it was in evidence that for four or five years Kelley and his victim had been carrying on an illicit relationship while Mr. Mellus was away from home. From the facts related in the court's opinion it appears that Mrs. Mellus had been not only exceedingly friendly toward Kelley but even helpful and generous to her much younger companion. Throughout the morning of the homicide the two had been engaged in drinking and sexual intercourse. There was no evidence of other events that morning which preceded the commission of the crime. Mrs. Mellus had been brutally beaten to death

and, so far as the related evidence disclosed, without a quarrel between the two and without any word or action upon the part of Mr. Mellus that offered provocation, excuse or motive for the crime or any explanation if it. Upon these essential facts the Supreme Court determined that the evidence did not prove that Kelley was possessed of an abandoned and malignant heart; wherefore, the court concluded it was not shown that the crime was committed with malice aforethought. The judgment was modified to a conviction of manslaughter.

The facts of the two cases are so alike in broad perspective as to have justified the trial court, and ourselves, as well, in concluding upon authority of the holding in Kelley, that the acts of the defendant here were not shown to have been dictated by an abandoned and malignant heart. We therefore assume that malice aforethought was to be implied for another reason.

The alternate ground for implying malice, namely, evidence that the crime was committed without considerable provocation, was not considered in *Kelley*. No fact was stated in the opinion which even hinted at the existence of provocation for the killing of Mrs. Mellus; in fact section 188, Penal Code, was not mentioned, nor was implied malice, and the word ''provocation'' is not to be found in the opinion.

Under the express provisions of section 188 malice is implied where no considerable provocation appears.

In the present case there was no evidence of a quarrel between defendant and Miss Bolei, nor of conduct of the latter which might have aggravated defendant, except that she became intoxicated. And it would have been absurd for the trial court to find that her intoxication amounted to considerable provocation for destroying her life. The implied finding to the contrary is conclusive on appeal.

After his arrest defendant told the police of being with Miss Bolei, of their drinking and of his having been on the lot behind the furniture store, but he at no time admitted having struck Miss Bolei. These admissions were only of facts that were conclusively established by the testimony of other witnesses, were made by defendant freely and voluntarily and were properly proved by the testimony of the officers. They amounted to a mere fragment of the evidence of defendant's guilt.

No reason appears for reversing the judgment as to count II. It was proved by uncontradicted evidence that

140

defendant assaulted Miss Owens in her car, beat her with his fists, blackening her eyes and fracturing her nose and an ear drum. The assault was not only likely to produce, but did produce great bodily injury in violation of section 245, Penal Code.

The judgment is affirmed; the purported appeal from order denying motion for a new trial is dismissed.

Ford, J., and Files, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 3, 1965.